IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03352-PAB-KLM

MARY KANE, an individual,

    Plaintiff,

v.

HONEYWELL HOMMED, LLC, a New Jersey corporation, and
TERRY DUESTERHOEFT, an individual,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Jennifer L. Gokenbach's Unopposed Motion to Withdraw as Counsel** [Docket No. 29; Filed April 5, 2012] ("Motion to Withdraw") and **Defendant Terry Duesterhoeft's Motion for Leave to File First Amended Answer** [Docket No. 27; Filed March 28, 2012] ("Motion for Leave").

    IT IS HEREBY **ORDERED** that the Motion to Withdraw [#29] is **GRANTED**. Attorney Gokenbach is relieved of any further representation of Defendant Honeywell Hommed, LLC in this case. The Clerk of the Court is instructed to terminate Attorney Gokenbach as counsel of record, and to remove her name from the electronic certificate of mailing.

    IT IS FURTHER **ORDERED** that the Motion for Leave [#27] is **GRANTED**. Although Plaintiff opposes the relief requested, the Motion is timely filed. *Sched. Ord.,* [#26] at 11 (setting the deadline for amendment of pleadings at April 14, 2012). Moreover, Defendant Duesterhoeft seeks to add one statutory affirmative defense pursuant to the Colorado "Heart Balm" statute, and represents that he "was not made aware of specific facts which support his affirmative defense until after his initial Answer was filed." [#27] at 3. The defense is premised on the assertion of "Wedding Related Expenses" by Plaintiff in the Scheduling Order. *See* [#26] at 8.

    The Court has discretion to grant a party leave to amend pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

1

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Here, the leave sought is within the deadline stated in the Scheduling Order, and is premised on information disclosed after the filing of the initial Answer. The Court thus grants the Motion for Leave pursuant to Rule 15(a)(2).

IT IS FURTHER **ORDERED** that Defendant Duesterhoeft shall file his First Amended Answer on or before **April 24, 2012**. The initial Answer may be amended only to the extent that Defendant Duesterhoeft may assert an affirmative defense pursuant to the Colorado "Heart Balm" statute, as stated in his Motion for Leave.

Dated:  April 17, 2012