IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03352-PAB-KLM

MARY KANE, an individual,

    Plaintiff,

v.

HONEYWELL HOMMED, LLC, and
TERRY DUESTERHOEFT,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the motion to dismiss plaintiff's Colorado Anti-Discrimination Act Claims [Docket No. 13] filed by defendant Honeywell Hommed, LLC ("Honeywell"). The motion is fully briefed and ripe for disposition.

Plaintiff asserts discrimination and retaliation claims against defendant Honeywell pursuant to both Title VII of the Civil Rights Act ("Title VII"), *see* 42 U.S.C. § 2000e *et seq.*, and the Colorado Anti-Discrimination Act ("CADA"), *see* Colo. Rev. Stat. § 24-34-301 *et seq.* Honeywell requests that the Court dismiss plaintiff's CADA claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction due to plaintiff's failure to exhaust administrative remedies.

CADA's exhaustion requirements can be found in Colo. Rev. Stat. § 24-34-306, and they must be exhausted prior to filing suit. *See* Colo. Rev. Stat. § 24-34-306(14). Honeywell does not dispute that plaintiff filed a charge of discrimination complying with § 24-34-306. Upon filing such a charge, the director of the Colorado Civil Rights

Division ("CCRD") must "make a prompt investigation of the charge." Colo. Rev. Stat. § 24-34-306(2)(a). The CCRD then "shall determine as promptly as possible whether probable cause exists for crediting the allegations of the charge." Colo. Rev. Stat. § 24-34-306(2)(b). If the CCRD concludes that there is no probable cause, the CCRD must dismiss the charge and notify the parties, thus triggering time limits to both appeal the dismissal and potentially file a civil suit. Colo. Rev. Stat. § 24-34-306(2)(b)(I). If the CCRD finds that probable cause exists, the parties are required to engage in mediation. *See* Colo. Rev. Stat. § 24-34-306(2)(b)(II). In the event the CCRD determines that mediation will not be successful, the Colorado Civil Rights Commission ("CCRC") may provide notice of a formal hearing, which must be held within one hundred and twenty days of such notice. *See* Colo. Rev. Stat. § 24-34-306(4).

In this case, plaintiff has never received notice from the CCRC that her charge was dismissed for lack of probable cause. Conversely, plaintiff has never received notice that probable cause has been found, thus triggering mediation or the formal hearing process. Plaintiff contends, therefore, that pursuant to § 24-34-306(11), she had a right to file her claims after 270 days passed from the date of her charge of discrimination. *See* Colo. Rev. Stat. § 24-34-306(11) ("If written notice that a formal hearing will be held is not served within two hundred seventy days after the filing of the charge . . . the jurisdiction of the commission over the complaint shall cease.").

Although the reference in subsection (11) to the 270-day period is not entirely clear, plaintiff's proposed interpretation of this subsection is not persuasive. Notice of a hearing would only take place if the CCRC had found probable cause. *See* Colo. Rev. Stat. § 24-34-306(4). The statutory language in both subsections (11) and (15) is given

2

proper effect by interpreting subsection (15) as providing a mechanism for a plaintiff who wishes to file in a district court before the probable cause determination has been made. The mechanism to do so is to request the CCRC to issue a written right to sue notice. *See* Colo. Rev. Stat. § 24-34-306(15). The statute refers to 180 days as the time period within which the CCRC's investigation should be completed for purposes of determining whether the CCRC should grant a request for a right to sue notice. *See id.* Subsection (15) states that "[a] notice of right to sue shall constitute final agency action and exhaustion of administrative remedies and proceedings[.]" *Id.* The Court therefore finds that subsection (15)'s mechanism for a plaintiff to seek a right to sue letter in the absence of action by the CCRC requires the statute to be interpreted to implicate subsection (11) only where probable cause has been found. *See Carrero v. Arapahoe County Sheriff's Office*, No. 05-cv-02414-MSK-CBS, 2006 WL 2594472, at *16 (D. Colo. Sep. 11, 2006) ("A right-to-sue notice is required to show 'final agency action and exhaustion of administrative remedies and proceedings. . . .'") (quoting Colo. Rev. Stat. § 24-34-306(15)); *City of Colorado Springs v. Conners*, 993 P.2d 1167, 1169 n.3 (Colo. 2000) ("As a condition precedent to bringing an action in district court, a party must exhaust her administrative remedies available under the [CADA], and a right-to-sue letter will often serve as evidence that a party complied with this requirement.") (citations omitted). It is

    **ORDERED** that the motion to dismiss plaintiff's Colorado Anti-Discrimination Act Claims [Docket No. 13] is GRANTED. Plaintiff's Colorado Anti-Discrimination Act claims are dismissed without prejudice. If plaintiff has since received, or seeks and

receives, a notice of right to sue, she may seek leave to amend her complaint to reassert these claims.

DATED September 26, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge